UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LIFE INSURANCE COMPANY OF
NORTH AMERICA,

      Plaintiff,

v.                                        CASE NO. 3:23-cv-993-MMH-MCR

CINDY SUE RAINEY, et al.,

      Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Amended Motion for Leave to Deposit Funds and for Discharge and Dismissal of Plaintiff ("Motion") (Doc. 27). Defendants, Frances June Archibald, Suzanne Rainey, and Lisa June Hudec, initially opposed the Motion (*see* Docs. 15 & 29),[2] but

---

[1] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

[2] Pursuant to Local Rule 3.01(f), "[a] motion, other legal memorandum, or brief may not incorporate by reference all or part of any other motion, legal memorandum, or brief." Defendants' opposition to the Motion incorporated their original response to the original motion. (*See* Doc. 29 at 1.) Although the Court need not strike Defendants' opposition at this time, the parties are cautioned that

later withdrew their opposition (*see* Doc. 32). None of the remaining Defendants has responded to the Motion. For the reasons that follow, it is respectfully **RECOMMENDED** that the Motion be **GRANTED in part** and **DENIED in part**.

## I.     Introduction

On August 24, 2023, Plaintiff, Life Insurance Company of North America ("LINA"), commenced this interpleader action under 28 U.S.C. §§ 1331 & 1332, in order to obtain adjudication of competing claims to life insurance policy benefits held by LINA under an employer sponsored employee benefits plan governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, *et seq*. (Doc. 1 at ¶ 1.) The alleged adverse claimants to the life insurance benefits are the named Defendants in this action: Cindy Sue Rainey ("Cindy"), who is the surviving spouse and primary beneficiary of the decedent, David Rainey; Bailey Rainey ("Bailey"), who is the son and contingent beneficiary of the decedent; Jack Rainey ("Jack"), who is also the son and contingent beneficiary of the decedent; Frances June Archibald ("Frances"), who is the mother of the decedent; Suzanne Rainey ("Suzanne"), who is the sister of the decedent and

---

any future filings that fail to comply with the Local Rules may be stricken without further notice.

daughter of Frances; and Lisa June Hudec ("Lisa"), who is also the sister of the decedent and daughter of Frances. (*Id.*)

On September 29, 2023, Cindy answered the Complaint, stating, in relevant part, that she had no objection to the insurance proceeds being deposited into the Court's registry until a determination is made about the proper recipient(s) of the benefits. (Doc. 11.) On October 23, 2023, Frances, Suzanne, and Lisa also answered the Complaint. (Doc. 12.) The same day, LINA filed its first motion for leave to deposit the funds with the Court, and for discharge and dismissal of LINA from this action. (Doc. 14.)

On November 9, 2023, with leave of Court, LINA filed its First Amended Interpleader Complaint against Cindy, Bailey, Jack, Frances, Suzanne, and Lisa, alleging, in pertinent part, as follows:

> 15.   On July 25, 2021, the body of David Rainey was found submerged in a canal behind a vacation house he was renting with his family. He had been stabbed multiple times and his death was ruled a homicide.
>
> 16.   The homicide investigation is still ongoing, and, upon information and belief, the police have not ruled out Cindy Sue Rainey, Bailey Rainey, or Jack Rainey as suspects. Additionally, Cindy Sue Rainey, Bailey Rainey, and Jack Rainey have all been arrested recently and charged with Tampering with Physical Evidence in connection with the death of David Rainey.
>
> 17.   Competing claims for the life and accident insurance benefits have been submitted. Cindy Sue Rainey contends that she is entitled to the proceeds. Suzanne Rainey has submitted a

3

> claim on behalf of her mother June Frances Archibald. Suzanne Rainey contends that Florida Statute § 732.802(3), known as the Slayer Statute, precludes Cindy Sue Rainey, Bailey Rainey, and Jack Rainey from collecting and[,] therefore[,] the proceeds should be awarded to Ms. Archibald.
>
> . . .
>
> 19. A wrongful death lawsuit has been filed against Cindy Rainey, Bailey Rainey, and Jack Rainey alleging that each of them "unlawfully and intentionally killed David Rainey" and then disposed of his body in the canal behind the vacation rental.
>
> 20. LINA claims no title to, or interest in, the life and accident insurance benefits payable under the policies for the death of David Rainey and is ready and willing to pay the proceeds to the person or persons entitled to it. However, given the current criminal investigation, potential for additional criminal charges, the recently filed civil wrongful death suit, and the potential applicability of Florida Statute § 732.802(3), LINA is unable to make that determination as to the conflicting claims and potential claims without exposing itself to double or multiple liability from Defendants.

(Doc. 20 at ¶¶ 15-17, 19-20.)

The First Amended Interpleader Complaint requests judgment: (1) directing LINA to deposit into the Court's registry the sum of $1,134,000.00, which consists of $167,000.00 in basic life insurance, $300,000.00 in voluntary life insurance, $167,000.00 in basic accidental death (AD&D) insurance, $500,000.00 in voluntary AD&D insurance, together with any applicable interest; (2) directing Defendants to interplead their rights to the proceeds; (3) restraining Defendants from instituting any action against

4

LINA to recover the proceeds; (4) discharging LINA from all liability to Defendants upon payment of the proceeds and any accrued interest into the Court's registry; and (5) awarding LINA its costs, attorney's fees, and expenses associated with this action from the funds it seeks to interplead. (*Id.* at ¶ 1; *id.* at 7.)  On November 17, 2023, Frances, Suzanne, and Lisa answered the First Amended Interpleader Complaint.  (Doc. 23.)

On December 4, 2023, LINA filed the present Motion, seeking an order: (1) allowing it to deposit the insurance proceeds in the amount of $1,134,000.00 with the Clerk of Court; (2) discharging LINA from further liability to Defendants and dismissing it from this action with prejudice; (3) requiring Defendants to resolve amongst themselves their respective rights to the disputed funds; (4) requiring any other person not yet joined as a party to be joined and subjected to the relief requested by LINA; (5) permanently enjoining, pursuant to 28 U.S.C. § 2361, all parties in privity with or claiming they are such parties from making demand or instituting and prosecuting any other proceeding against LINA in any court, federal or state, for the recovery of all or part of the proceeds from group life insurance policy FLX 965997 and group AD&D insurance policy OK 967553 relative to the death of David Rainey; and (6) an award of attorney's fees and costs to LINA.  (Doc. 27 at 1, 3, 11-12.)

5

LINA explains that competing claims to the benefits exist or may exist between Cindy, Bailey, Jack, Frances, Suzanne, and Lisa. (*Id.* at 2.) Specifically:

> Competing claims for the Plan Benefits have been submitted by Cindy Sue Rainey and Suzanne Rainey, the decedent's sister, on behalf of decedent's mother Frances June Archibald. Cindy Sue Rainey contends that she is entitled to the Plan Benefits, pursuant to the 2018 beneficiary designation. Suzanne Rainey contends that Fla. Stat. § 732.802, known as the Slayer Statute, precludes Cindy Sue Rainey, Bailey Rainey, and Jack Rainey from collecting the Plan Benefits and that Plan Benefits should therefore be awarded to Frances June Archibald.

(*Id.* at 4-5 (internal citations omitted).) LINA contends that it is entitled to interplead the benefits and be dismissed from this action, because:

> Federal law specifically contemplates and authorizes deposit of the disputed fund in interpleader matters. See 28 U.S.C. §1335(a)(1); M.D. Fla. Rules Local Rule 7.03; Fed. R. Civ. P. 67(a) (where relief sought is "the disposition of a sum of money or some other deliverable thing, a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money"). After deposit of the funds, no viable purpose is served by LINA's continued presence in this action, as all of LINA's obligations will have been satisfied and LINA should be discharged from this action. . . .
>
> Following deposit of the funds and LINA's discharge, this Court should immediately enjoin defendants from instituting any further action against LINA, the Plan, or the subject group policies.

(*Id.* at 8-9.)

6

## II. Discussion

"Interpleader is the means by which an innocent stakeholder, who typically claims no interest in an asset and does not know the asset's rightful owner, avoids multiple liability by asking the court to determine the asset's rightful owner." *In re Mandalay Shores Coop. Hous. Ass'n, Inc.*, 21 F.3d 380, 383 (11th Cir. 1994). "An interpleader action typically proceeds in two stages—the first stage addresses the rights of the party stakeholder and the propriety of interpleader; the second stage addresses the respective rights of the stake's claimants and the merits of the claims." *Metro. Life Ins. Co. v. Funches*, No. 3:08-cv-1097-J-34MCR, 2009 WL 10671216, *3 (M.D. Fla. Nov. 5, 2009). At the first stage:

> The burden is on the party seeking interpleader to demonstrate that he is entitled to it. Although interpleader is available to a stakeholder even though no action has been brought against him nor any formal demand made upon him by some or all of the potential claimants, a prerequisite for the action is that the party requesting interpleader demonstrate that he has been or may be subjected to adverse claims.

*Dunbar v. United States*, 502 F.2d 506, 511 (5th Cir. 1974) (citations omitted).[3]

---

[3] This case is binding precedent. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting all decisions of the former Fifth Circuit announced before October 1, 1981 as binding precedent in the Eleventh Circuit).

Upon review of the Motion and the First Amended Interpleader Complaint (Doc. 20), the Court finds that LINA has sufficiently demonstrated its entitlement to interpleader. First, LINA alleges that it is a disinterested stakeholder with respect to the subject funds. (*Id.* at ¶ 20 ("LINA claims no title to, or interest in, the life and accident insurance benefits payable under the policies for the death of David Rainey and is ready and willing to pay the proceeds to the person or persons entitled to it.").) Second, LINA alleges that "[c]onflicting claims for the life and accident insurance benefits have been submitted," which may expose LINA to "double or multiple liability from Defendants." (*Id.* at ¶¶ 17, 20.) Based on the foregoing, interpleader is proper. *See Dunbar*, 502 F.2d at 511; *see also Kurland v. United States*, 919 F. Supp. 419, 422 (M.D. Fla. 1996) (citing *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 533 (1967)) (stating that "interpleader is a remedial device which is to be applied liberally").

Further, LINA has satisfied the notice requirement of Rule 67(a) by serving Defendants with its pleadings and Motions requesting leave to deposit the subject funds into the Court's registry. *See* Fed.R.Civ.P. 67(a) ("If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party—on notice to every other party and by leave of court—may deposit with the court all or part of

8

the money or thing, whether or not that party claims any of it. The depositing party must deliver to the clerk a copy of the order permitting deposit.").

Therefore, the present Motion should be granted except as to LINA's: (1) request for attorney's fees and costs; and (2) request that all necessary parties be joined. "It is axiomatic that an award of attorneys' fees and costs in an interpleader action . . . is an equitable matter" within the Court's discretion. *In re Mandalay Shores*, 21 F.3d at 382-83. Although attorneys' fees and costs are often justified in interpleader actions, they are deemed unwarranted where "a stakeholder's interpleader claim arises out of the normal course of business." *Id.* at 383. This standard typically applies to insurance companies. *Id.*

Here, LINA has failed to establish that the interpleader claim did not arise out of the "normal course of business." *See Prudential Ins. Co. of Am. v. Silvers*, No. 3:19-cv-240-BJD-MCR, 2020 WL 4756819, *3-4 (M.D. Fla. July 7, 2020) (denying insurance company's request for attorney's fees and costs in an interpleader action, in part, because it failed to establish that its interpleader claim did not arise out of the normal course of business); *Transamerica Life Ins., Co. v. Brickman*, No. 6:15-cv-1919-Orl-41TBS, Doc. 60 (M.D. Fla. Apr. 19, 2016) (denying without prejudice insurance company's request for attorney's fees and costs in an interpleader action, in part,

9

because it failed to establish that its interpleader claim did not arise out of the normal course of business).   In addition, LINA has failed to provide any details or evidence to establish the reasonableness of its request for attorney's fees and costs.  *See Silvers*, 2020 WL 4756819 at *4; *see also Pac. Life Ins. Co. v. Sarfarazi*, No. 3:14-cv-1330-J-32JRK, 2015 WL 4751206, *4 (M.D. Fla. June 25, 2015) (report and recommendation adopted, in part, by 2015 WL 4756690 (M.D. Fla. Aug. 11, 2015)) ("Here, without some documentation of the fees and costs Plaintiff has incurred in this action, the undersigned recommends denying without prejudice Plaintiff's request for attorneys' fees and costs.").

Therefore, LINA's request for attorney's fees and costs should be denied.   Also, LINA's request that all necessary parties be joined should be denied as no such parties have been identified.[4]   Notably, both of these

---

[4] It does not appear that the Estate of David Rainey and/or its Curator would be necessary parties to this interpleader action.   As non-probate assets, the insurance proceeds do not pass through the Estate.   *See Lefkowitz v. Schwartz*, 299 So. 3d 549, 554 n.3 (Fla. Dist. Ct. App. 2020) (citing, *inter alia*, Fla. Stat. §§ 222.13, 733.808(4)) (stating that "proceeds of life insurance, payable to an individual beneficiary, do not pass through the estate of the deceased"); *see also Am. Gen. Life Ins. Co. v. O.H.M.*, No. 8:20-cv-1581-WFJ-CPT, 2021 WL 7448072, *6 (M.D. Fla. Mar. 1, 2021) (report and recommendation adopted by 2021 WL 7448129 (M.D. Fla. Mar. 16, 2021)) (stating that "if the proceeds of a particular life insurance policy are not cognizable in probate, then the probate court has no jurisdiction over them").   Thus, the insurance proceeds are not at issue in the probate action that is pending in the Circuit Court for Flagler County, Florida, Probate Division, Case No. 2023-CP-000101.   (*See* Doc. 22-2.)

requests were omitted from LINA's Second Amended Motion for Leave to Deposit Funds and for Discharge and Dismissal of Plaintiff (Doc. 35), filed on April 3, 2024.

### III.   Recommendation

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.   The Motion (**Doc. 27**) be **GRANTED** to the extent: (1) LINA be **DIRECTED** to deposit the insurance proceeds totaling $1,134,000.00, plus any applicable interest, into the Court's registry; (2) the Clerk of Court be **DIRECTED** to deposit the subject funds into a special interest-bearing account pursuant to Local Rule 7.03[5]; (3) upon compliance with the Court's directive, LINA be **DISCHARGED** from any further liability to Defendants in connection with group life insurance policy FLX 965997 and group AD&D insurance policy OK 967553 relative to the death of David Rainey, LINA be **DISMISSED** from this action with prejudice, and the Clerk of Court be directed to terminate LINA from the docket; (4) Defendants, as well all parties in privity with Defendants or claiming they are such parties, be **RESTRAINED** and **ENJOINED**, pursuant to 28 U.S.C. § 2361, from instituting any action or proceeding in any state or federal court against

---

[5] In the interest of judicial economy, the Court waives the requirement to provide a proposed order under Local Rule 7.03(a)(4).

LINA and/or its agents for the recovery of all or part of the proceeds from group life insurance policy FLX 965997 and group AD&D insurance policy OK 967553 relative to the death of David Rainey; and (5) Defendants be required to resolve amongst themselves their respective rights to the disputed funds.   The Motion (**Doc. 27**) be **DENIED** in all other respects.

2. Plaintiff's Second Amended Motion for Leave to Deposit Funds and for Discharge and Dismissal of Plaintiff (**Doc. 35**) be **TERMINATED as moot**.

**DONE AND ENTERED** at Jacksonville Florida, on April 5, 2024.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Hon. Marcia Morales Howard
United States District Judge

Counsel of Record