**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

LIFE INSURANCE COMPANY OF NORTH AMERICA,

Plaintiff,

v. Case No. 3:23-cv-993-MMH-MCR

CINDY SUE RAINEY, et al.,

Defendants.

---

**O R D E R**

**THIS CAUSE** is before the Court on the Report and Recommendation (Dkt. No. 37; Report), entered by the Honorable Monte C. Richardson, United States Magistrate Judge, on April 5, 2024. In the Report, Judge Richardson recommends that Plaintiff's Amended Motion for Leave to Deposit Funds and for Discharge and Dismissal of Plaintiff (Dkt. No. 27; Motion) be granted, in part, and denied, in part. See Report at 2, 11-12. On April 11, 2024, Defendants filed a notice advising the Court that they do not have any objections to the Report. See Defendants' Joint Notice of Non-Objection and Waiver Regarding April 5, 2024 Report and Recommendation (Dkt. No. 38). On April 15, 2024, Plaintiff filed a notice advising the Court that it also does not have any objections to the Report. See Plaintiff's Notice of Non-Objection Regarding April 5, 2024 Report and Recommendation.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Pursuant to Rule 72, Federal Rules of Civil Procedure (Rule(s)), the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." See Rule 72(b)(3); see also 28 U.S.C. § 636(b)(1). However, a party waives the right to challenge on appeal any unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1.[1] As such, the Court reviews those portions of the Magistrate Judge's findings to which no objection was filed for plain error and only if necessary, in the interests of justice. See id.; see also Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge's] factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Dupree v. Warden, 715 F.3d 1295, 1304-05 (11th Cir. 2013) (recommending the adoption of what would become 11th Circuit Rule 3-1 so that district courts do not have "to spend significant amounts of time and resources reviewing every issue—whether objected to or not.").

Upon independent review of the file and for the reasons stated in the Magistrate Judge's Report, the Court will accept and adopt the legal and

[1] The Magistrate Judge properly informed the parties of the time period for objecting and the consequences of failing to do so. See Report at 1 n.1.

factual conclusions recommended by the Magistrate Judge. Accordingly, it is hereby

**ORDERED:**

1. The Magistrate Judge's Report and Recommendation (Dkt. No. 37) is **ADOPTED** as the opinion of the Court.

2. Plaintiff's Amended Motion for Leave to Deposit Funds and for Discharge and Dismissal of Plaintiff (Dkt. No. 27) is **GRANTED, in part, and DENIED, in part**.

3. The Motion is **GRANTED** to the following extent:

    a. Plaintiff is **DIRECTED** to deposit the insurance proceeds totaling $1,134,000.00, plus any applicable interest, into the Court's registry;

    b. The Clerk of the Court is **DIRECTED** to deposit the subject funds into a special interest-bearing account pursuant to Local Rule 7.03;

    c. Upon Plaintiff's compliance with the Court's deposit directive, Plaintiff is **DISCHARGED** from any further liability to Defendants in connection with group life insurance policy FLX 965997 and group AD&D insurance policy OK 967553 relative to the death of David Rainey;

d. Upon Plaintiff's compliance with the Court's deposit directive, Plaintiff is **DISMISSED with prejudice**, and the Clerk of the Court is directed to terminate Plaintiff from the Court docket;

e. Upon Plaintiff's compliance with the Court's deposit directive, Defendants, as well as all parties in privity with Defendants or claiming they are such parties, are **RESTRAINED and ENJOINED**, pursuant to 28 U.S.C. § 2361, from instituting any action or proceeding in any state or federal court against Plaintiff and/or its agents for the recovery of all or part of the proceeds from group life insurance policy FLX 965997 and group AD&D insurance policy OK 967553 relative to the death of David Rainey; and

f. Defendants are required to resolve amongst themselves their respective rights to the disputed funds.

4. Otherwise, the Motion is **DENIED**.

5. Plaintiff's Second Amended Motion for Leave to Deposit Funds and for Discharge and Dismissal of Plaintiff (Dkt. No. 35) is **TERMINATED as moot**.

6. Defendants shall have up to and including **May 17, 2024**, to file appropriate supplemental materials asserting their claims to the life insurance benefits. Thereafter, pursuant to 28 U.S.C. § 636(b)(1)(B),

this case is **REFERRED** to the Honorable Monte C. Richardson, United States Magistrate Judge, to conduct an evidentiary hearing and issue a Report and Recommendation to the undersigned regarding an appropriate disposition of the interpleaded funds. Defendants are required to be present[2] at the evidentiary hearing and shall bring with them any documentation supporting their claims against the life insurance benefits.[3] Following Judge Richardson's Report and Recommendation, all interested parties will have an opportunity to object to Judge Richardson's findings and recommendation before the undersigned issues a final ruling.

**DONE AND ORDERED** in Jacksonville, Florida, this 16th day of April, 2024.

**MARCIA MORALES HOWARD**
United States District Judge

[2] All persons entering the Courthouse must present photo identification to Court Security Officers. Although cell phones, laptop computers, and similar electronic devices generally are not permitted in the building, attorneys may bring those items with them upon presentation to Court Security Officers of a Florida Bar card (presentation of the Duval County Courthouse lawyer identification card will suffice) or Order of special admission pro hac vice. However, all cell phones must be turned off while in the courtroom.

[3] Judge Richardson can enter an Order modifying or supplementing these procedures as he sees fit.

ja

Copies to:

Counsel of Record